Jose Lozano in pro-per
2   42165 Little Lake Rd.
Hemet Ca. 92544
4   323 -781-8150



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 10 2025

6                                          J. Prendergast

# SUPERIOR COURT OF CALIFORNIA

8           # COUNTY OF RIVERSIDE

10  **Jose Lozano and Carmen Lozano, et al.,**          **Case No.:**
    **Plaintiffs,**
                                                        CVWE 2 5 0 0 0 1 5
12  **vs.**

    **Riverside County Sheriff's Department,**
14  **Deputy Sheriff Richard Schweitzer, in**
    **His individual and official capacity,**
16  **Defendants,**

                                    <u>**Complaint for Civil Rights Violations**</u>

18                          **(42 U.S.C. § 1983 - Fourth and Fifth Amendment Violations)**

                                                    <u>**JURY TRIAL DEMANDED**</u>

20

    **PLAINTIFFS' COMPLAINT** , Plaintiff requests this court to liberally construe in the interest
22  of justice, see Erickson v. Pardus, 551 U.S. 89, 94 (2007).


24  <u>**INTRODUCTION**</u>

    Plaintiffs Jose Lozano and Carmen Lozano, et al., respectfully file this Complaint against
26  **the Riverside County Sheriff's Department, Deputy Sheriff Richard Schweitzer,**
    **defendant in His individual and official capacity,** asserting violations of their
28  constitutional rights under the Fourth, Fifth, and First Amendments of the United States
    Constitution, as well as claims under California state law. This action arises out of

2    unlawful searches and seizures, retaliation for the exercise of constitutional rights, defamation, and violations of due process.

4    **PARTIES**

**Plaintiffs:**

6    Jose Lozano and Carmen Lozano, individually and as a family, are residents of Hemet, California, located within Riverside County, California.

8    The Plaintiffs reside at 42165 Little Lake Rd, Hemet, California since 2013.

**Defendants:**

10   • **Riverside County Sheriff's Department:** A law enforcement agency under the jurisdiction of Riverside County, California.

12   • **Deputy Sheriff Richard Schweitzer, defendant in, His individual and official capacity.**

14

16   **JURISDICTION AND VENUE**

     • **State Court Jurisdiction:** This Court has jurisdiction over this matter as it arises
18     from civil rights violations occurring within Riverside County, California, and
       involves parties subject to the jurisdiction of the State of California.
20   • **Federal Court Jurisdiction (if removed):** This Court has jurisdiction under 42
       U.S.C. § 1983 for violations of Plaintiff's constitutional rights and pursuant to 28
22     U.S.C. § 1331, as the claims raise federal questions. Venue is proper in the United
       States District Court for the Southern District of California, as the actions giving rise
24     to this complaint occurred in Riverside County, California.

26   **STATEMENT OF FACTS**

     **The incident began in December 2022 when I first received a letter from Code**
28   **Enforcement requesting permission to inspect my property for building without a**
     **permit. Despite providing evidence that I had the necessary permits, Code**
30   **Enforcement proceeded to obtain a search warrant under false pretenses, which was**

2  **then executed. This led to a legal battle in which I filed a lawsuit for civil rights
violations, ultimately resulting in the dismissal of the case on July 18, 2024. SEE
Exhibit 1: Case Dismissal and Search Warrant.**

4  This case involves a violation of my Fourth Amendment rights, which protect individuals
from unreasonable searches and seizures. The unlawful search warrant was obtained
6  under false pretenses, as the Fourth Amendment requires that search warrants be based
on probable cause and supported by oath or affirmation. In **Franks v. Delaware,** 438 U.S.
8  154 (1978), the Supreme Court held that if a warrant affidavit includes false statements or
misleading omissions that are necessary to establish probable cause, the warrant may be
10  voided, and any evidence obtained must be excluded. In this case, Code Enforcement and
the Sheriff's Department misrepresented facts to secure a warrant, leading to an unlawful
12  search.

14  **However, the ordeal did not end there. In June 2024, I received another notice from
Code Enforcement regarding excessive chickens, demanding to inspect my property
16  once again. When I denied entry and called Code Enforcement to explain the baseless
nature of the allegations, they escalated the situation by fabricating false criminal
18  allegations involving me in illegal activities without any proof, probable cause, or
witnesses. They also referenced the 2022 case with the same warrant case number. In
20  response, I sent a letter denying entry, which included my contact information for
them to reach me if necessary. SEE EXHIBIT 2: Denial of Entrance Letter. I explained to
22  Code Enforcement that criminal allegations without proof or probable cause to enter
my property, and with no witnesses, would be a violation of my Fourth Amendment
24  rights. I also contacted their supervisor's team, knowing that county officials often fail
to properly obtain warrants, including misleading the court to do so.**

26  **On August 21ˢᵗ 2024 the code enforcement had obtain an inspection warrant but fail to
conduct it. This civil warrant should have been conducted first to obtain any proof of
28  criminal activities, Id. Dates on the inspection warrant and criminal warrant.**

The continued fabrication of criminal allegations and the issuance of a search warrant
30  without probable cause violates the principles of due process under the Fourth and Fifth
Amendments. In **Beck v. Ohio,** 379 U.S. 89 (1964), the Supreme Court established that a
32  search warrant cannot be issued unless there is probable cause that a crime has been
committed. The actions of Code Enforcement and the Sheriff's Department failed to meet
34  this standard, relying instead on fabricated stories and hearsay.

2   **On August 22, 2024, Richard Schweitzer, a sheriff's officer acting under the color of law, along with Code Enforcement, requested a criminal search warrant without any**
4   **factual evidence or witnesses. They failed to provide all necessary facts and misled the court to obtain the warrant. SEE EXHIBIT 3: Criminal Search Warrant. For a**
6   **reasonable person to believe criminal activity was present, Richard fabricated and relied on hearsay from unreliable testimonies, which were based on opinion, not fact,**
8   **and lacked eyewitness accounts of any illegal activity. They also requested that their written statements be sealed to prevent me from obtaining the records or identifying**
10  **those responsible for the hearsay. This is a clear violation of my civil rights and due process, which is well-established law. I have the right to know who is accusing me**
12  **and to defend myself against these allegations.**

    **On August 22,2024.The criminal warrant was executed the same day simultaneously**
14  **with the inspection warrant**

    The actions of Richard Schweitzer and the Sheriff's Department represent a clear violation
16  of the due process protections guaranteed by the Fourteenth Amendment. In **Gideon v. Wainwright**, 372 U.S. 335 (1963), the Court recognized that a defendant has the right to
18  challenge allegations made against them. In this case, the sealing of statements and the lack of transparency in the investigation denied me the ability to identify and challenge the
20  accusers, a fundamental violation of due process rights.

    Additionally, in **United States v. Leon**, 468 U.S. 897 (1984), the Supreme Court ruled that
22  evidence obtained through a search conducted with a defective warrant may still be admissible under the "good faith" exception. However, in my case, the Sheriff's
24  Department's actions do not meet the good faith standard, as they intentionally misled the court to obtain the warrant based on unreliable information.

26

    **Originally, they requested permission to enter my property because the complaint**
28  **was about excessive chickens, which is not a crime. Once I denied entry, they fabricated hearsay stories about cockfighting, resulting in a defective criminal search**
30  **warrant with no probable cause. This caused a violation of my family's Fourth Amendment rights. A criminal search warrant was executed at my property at 42165**
32  **Little Lake Rd, Hemet, CA 92544, involving the Sheriff's Department, Animal Control,**

**and Code Enforcement. The warrant was executed under the criminal investigation,**
2 **but they did not adequately knock and announce their presence before entering.**

The execution of the warrant without knocking and announcing their presence constitutes
4 a violation of my Fourth Amendment rights. The **knock-and-announce** rule, articulated in
**Wilson v. Arkansas**, 514 U.S. 927 (1995), requires that law enforcement officers announce
6 their presence before executing a search warrant unless certain exigent circumstances
justify otherwise. In this case, the failure to announce their presence and the aggressive
8 entry into my home amounted to a violation of my constitutional rights.

10 **On August 22,2024  This aggressive actions took place included breaking into my**
**home <u>without adequately knocking</u> and forcibly removing my wife, Carmen Lozano,**
12 **and our children, Andrew 19 of age and Romeo under the age of 3, at gunpoint. A dozen**
**sheriff officers—who have not been identified at this time—conducted the search in**
14 **an unreasonable manner, using county policies and procedures to commit**
**deprivation of civil rights against my family. My family had been respectful and**
16 **cooperative with law enforcement in the past, and body camera footage will support**
**this. Despite previous search warrants that resulted in no illegal activity, they came at**
18 **gunpoint, clearly retaliating and inflicting treats of violence against my family. My wife**
**and children were handcuffed and detained for approximately three hours. During this**
20 **time, I was suffered mental anguish, by being called at work and informed that my**
**family was detained for a criminal investigation. I repeatedly asked the officer for the**
22 **reason for the search warrant, but he would not respond beyond saying it was for a**
**criminal investigation without providing details. I was told to come home and was**
24 **threatened with the same treatment my family had experienced.**

The use of excessive force in this instance violates the principles set forth in **Graham v.**
26 **Connor**, 490 U.S. 386 (1989), which mandates that any force used during an arrest or
search be reasonable under the circumstances. The use of guns and the handcuffing of my
28 young children were disproportionate to the alleged circumstances, and the officers'
actions were clearly unreasonable, especially given the lack of evidence of criminal
30 activity.

32 **The search warrant was based on beliefs, not facts, and it mentioned what they**
**"believed" without establishing any actual evidence. Using county policies and**

2  procedures, the Riverside County Sheriff's Department is liable for damages resulting from the excessive force used during the search. The Sheriff's Department searched each room of my property, infringing upon my family's Fourth Amendment rights.

4  Despite extensive searching, they found no evidence of any illegal activity and issued unrelated citations, such as expired dog permits and building code violations. After

6  calling Animal Control to inform them that these citations were unrelated to the criminal search warrant, I was told that the citations were written under the Sheriff's

8  Department's instructions after they realized they had no evidence of criminal activity.

10  This claim involves the unconstitutional search of my home and the imposition of citations without any factual basis, violating my Fourth Amendment rights as established in **Mapp v.**

12  **Ohio**, 367 U.S. 643 (1961), which held that evidence obtained through illegal searches must be excluded in state court proceedings. Since no evidence of illegal activity was

14  found, the search should have been deemed unlawful, and any citations issued must be invalid.

16

     On December 11, 2024, I received similar dog-related infractions under my wife's
18  name. Since I had already informed them of their unlawful citation during the search, they decided to change the name on the citation to my wife's and send it again. This is

20  retaliation and should be considered criminal, as they stop at nothing to get what they want, even if they break the law. SEE EXHIBIT 4: Citations.

22  Retaliation for the exercise of constitutional rights is prohibited under **Garrity v. New Jersey**, 385 U.S. 493 (1967), and **Hartman v. Moore**, 547 U.S. 250 (2006). The changing of

24  the name on the citation and sending it again represents retaliatory action taken against me for asserting my rights and challenging their unlawful conduct.

26

     The Sheriff's Department left the property with no evidence of any criminal activity or
28  animal cruelty. The search warrant allowed them to take pictures for evidence if criminal activity were to be found. They took random pictures of my animals and

30  property, which proved nothing illegal. SEE EXHIBIT 5: Facebook Post with Pictures. After the search warrant was executed, Richard Schweitzer knew they had no

32  evidence of criminal activity, so the pictures they took without my consent were seized property. Posting them on their Facebook account violated my civil rights. The

**Facebook post mentioned criminal activity, claiming that they executed a criminal**
2    **search warrant for illegal cockfighting. This constitutes slander and defamation of my**
**property. SEE EXHIBIT 5: Facebook Post.**

4    Posting the pictures without my consent, accompanied by false claims of criminal activity,
is a violation of my right to privacy under the **Fourth Amendment**. As established in
6    **Zurcher v. Stanford Daily**, 436 U.S. 547 (1978), the government must avoid unnecessary
invasions of privacy and ensure that any information obtained during a search is not
8    misused for purposes beyond the scope of the investigation.

10    **CLAIMS FOR RELIEF**

**First Claim for Relief – Fourth Amendment Violation (Unreasonable Search and**
12    **Seizure):**

Defendants' actions, including the execution of warrants based on false and fabricated
14    allegations, violated Plaintiffs' Fourth Amendment rights to be free from unreasonable
searches and seizures. The simultaneous execution of the inspection and criminal search
16    warrants was an abuse of process, and the excessive force used during the search further
compounded these violations.

18    **Second Claim for Relief – Fifth Amendment Violation (Due Process):**

Defendants' actions, including retaliation, defamation, and the failure to provide any
20    actual evidence of criminal activity, violated Plaintiffs' Fifth Amendment right to due
process. Plaintiffs were subjected to unlawful detention, forced entry into their home, and
22    emotional distress caused by the baseless criminal investigation.

**Third Claim for Relief – Retaliation (First Amendment):**

24    Defendants retaliated against Plaintiffs for exercising their constitutional rights to refuse
unlawful entry and to seek redress of grievances in court. The retaliatory issuance of
26    citations, harassment, and defamation constitutes a violation of Plaintiffs' rights under the
First Amendment.

28    **Fourth Claim for Relief – Defamation and Privacy Violation (California Civil Code §§ 44–**
**46):**

2  The publication of defamatory photographs of Plaintiffs' property, coupled with false statements, violated Plaintiffs' right to privacy and damaged their reputation. Under California law, the Defendants' actions constitute defamation per se. The statements

4  made about Plaintiffs were false, harmed their reputation, and were made with actual malice. This is an actionable violation under California Civil Code § 44, and the Defendants

6  should be held liable for damages, including emotional distress.

8  **RELIEF SOUGHT**

Plaintiffs respectfully request that the Court:

10  • Award compensatory and punitive damages for violations of their constitutional rights, including the Fourth, Fifth, and First Amendments, and for defamation under

12  California state law, in the amount of $3,000,000.00 USD.

• Declare the actions of the Riverside County Sheriff's Department, Code

14  Enforcement, and Animal Control as unconstitutional and unlawful under 42 U.S.C. § 1983.

16  • Grant an injunction preventing Defendants from further unlawful searches, harassment, and retaliation.

18  • Order Defendants to remove all defamatory material posted on social media and cease further publication of such materials.

20  • Award Plaintiffs' reasonable attorney fees, litigation costs, and any other relief deemed just and proper.

22

**CONCLUSION**

24  The actions of the Defendants—unlawful searches, false affidavits, excessive force, retaliation, defamation, and violations of due process—have caused significant harm to

26  Plaintiffs and their family. These actions represent a clear and egregious violation of Plaintiffs' civil rights. Plaintiffs respectfully request that the Court grant the relief sought

28  and hold Defendants accountable for their unlawful conduct.

Respectfully submitted,

30  **Jose Lozano (Plaintiff)**        1-10-25

**Carmen Lozano (Plaintiff)**        1-10-25

**Exhibit 1:** Case Dismissal and Search Warrant

# Tentative Rulings for July 18, 2024
# Department M301

## To request oral argument, you must notify
## Judicial Secretary Tiffany Uhls at (760) 904-5722 and
## inform all other counsel no later than 4:30 p.m.

This court follows California Rules of Court, Rule 3.1308 (a) (1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law & motion matter are posted on the Internet by 3:00 p.m. on the court day immediately before the hearing at http://www.riverside.courts.ca.gov/tentativerulings.shtml. If you do not have Internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, no later than 4:30 p.m. on the court day before the hearing you must (1) notify the judicial secretary for Department M301 at (760) 904-5722 and (2) inform all other parties of the request and of their need to appear telephonically, as stated below. If no request for oral argument is made by 4:30 p.m., the tentative ruling **will become the final ruling** on the matter effective the date of the hearing. **UNLESS OTHERWISE NOTED, THE PREVAILING PARTY IS TO GIVE NOTICE OF THE RULING.**

COUNSEL AND SELF-REPRESENTED PARTIES ARE ENCOURAGED TO APPEAR AT ANY LAW AND MOTION DEPARTMENT TELEPHONICALLY WHEN REQUESTING ORAL ARGUMENTS.

**REMOTE APPEARANCES**: The court uses Zoom for remote appearances. Parties can log into Zoom on their device or opt to call into the scheduled hearing by using one of the following Zoom telephone numbers and the meeting ID for this department:

- Call-in Numbers:    1 (833) 568-8864 (TOLL FREE); 1 (669) 254-5252; 1 (669) 216-1590; 1 (551) 285-1373 or 1 (646) 828-7666
- Zoom Meeting ID:    161 538 5472

Please **MUTE** your phone until your case is called and it is your turn to speak. It is important to note that you must call fifteen (15) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

For additional information and instructions on telephonic appearances, visit the court's website at: https://www.riverside.courts.ca.gov/PublicNotices/remote-appearances.php .

**Riverside Superior Court provides official court reporters for hearings on law and motion matters only for litigants who have been granted fee waivers and only upon their timely request. (See General Administrative Order No. 2021-19-1) Other parties desiring a record of the hearing must retain a reporter pro tempore.**

1.

| CVSW2200991 | SINGH VS KPC GLOBAL MEDICAL CENTERS, INC. | MOTION TO COMPEL RESPONSES TO SPECIAL INTERROGATORIES SET TWO; REQUEST MONETARY SANCTIONS BY KPC GLOBAL MEDICAL CENTERS, INC. |
|---|---|---|

**Tentative Ruling:**

The unopposed Motions are GRANTED.  Responses without objection are due in 20 days.  Reasonable sanctions of $1462.50 per motion are awarded and due in 30 days.

2.

| CVSW2200991 | SINGH VS KPC GLOBAL MEDICAL CENTERS, INC. | MOTION TO COMPEL RESPONSES TO PRODUCTION OF DOCUMENTS; REQUEST MONETARY SANCTIONS BY KPC GLOBAL MEDICAL CENTERS, INC. |
|---|---|---|

**Tentative Ruling:**

See 1.

3.

| CVSW2301545 | BLACK VS GENERAL MOTORS, LLC. | MOTION TO COMPEL |
|---|---|---|

**Tentative Ruling:**

The hearing is continued to 7/23/24. Unfortunately, the M&C declaration was filed on time but not available for review due to the court's fault until it could not be considered.  In light of the impending MSJ and JT, the parties should start to talk about continuance stipulations on those.

4.

| CVSW2304202 | LOMELI VS PROFESSIONAL MANAGEMENT SYSTEMS, INC. | DEMURRER TO 1ST AMENDED COMPLAINT BY ROBERTO LOPEZ JIMENEZ |
|---|---|---|

**Tentative Ruling:**

The Demurrer is OVERRULED.  An Answer is due in 10 days.

5.

| CVSW2304885 | LOZANO VS GONZALES | DEMURRER TO 2ND AMENDED COMPLAINT |
|---|---|---|

**Tentative Ruling:**

The RJN is DENIED.  (See *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1564.)  The Demurrer is SUSTAINED for failure to state sufficient facts without leave to amend.

The claim asserted against Defendants is based on Article I, §13 of the California Constitution, which provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable seizures and searches may not be violated; and a warrant may not issue except on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized."

There is no affirmative intent to allow or withhold damages, plus there is an alternate remedy.  (*Katzberg v. Regents of University of California* (2002) 29 Cal.4th 300, 317 (analyzing section 7).)  If there is no affirmative intent to allow or withhold damages, the court must then determine whether an adequate remedy exists, the extent to which a constitutional tort action would change established tort law, and the nature and significance of the constitutional provision. (*Id.*)

Plaintiff has not pled any interference with financial or commercial interests.  (See *Bastian v. County of San Luis Obispo* (1988) 199 Cal.App.3d 520, 533.)

In *Loehr v. Ventura County Community College District* (1983) 147 Cal.App.3d 1071, 1085, the court held that, to state a federal cause of action, even in state court, the complaint must allege facts that go beyond mere tortious conduct and rise to the dignity of a violation of a federal constitutional or statutory right.  This standard has not been met.  The inspection warrant was based on probable cause.  The allegation that Defendant Gonzales "lied" about how the photographs took place does not demonstrate that there was no reasonable basis that there was a violation taking place.  Plaintiff has not pled a Fourth Amendment violation and provides no authority in opposition to support of such a violation.

Electronically FILED by Superior Court of California, County of Riverside on 01/24/2023 11:16 AM
Case Number CVRI2300299 0000046580422 - Maria C. Ford, Interim Executive Officer/Clerk of the Court By Joanne Bishop, Clerk

1   Mark J. Dillon (State Bar No. 108329)                    (Exempt from Filing Fees
    Yana Ridge (State Bar No. 306532)                   Pursuant to Govt. Code § 6103)
2   Gatzke Dillon & Ballance LLP
3   2762 Gateway Road
    Carlsbad, California 92009
4   Telephone:    (760) 431-9501
    Facsimile:    (760) 431-9512
5   Email:        mdillon@gdandb.com
                  yridge@gdandb.com
6
7   Attorneys for County of Riverside

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF RIVERSIDE

11

12  In the Matter of an Application for an     ) Case No.:  CVRI2300299
    Inspection Warrant for the Real Property   )
13  described as 42165 Little Lake Road, Hemet,) (CE Case No. CVCO220665)
14  California 92544,                           )
                                                )
15       JOSE LOZANO,                           ) DECLARATION IN SUPPORT OF
                                                ) INSPECTION WARRANT
16             Property Owner.                  )
                                                )
17  _____        )

18

19

20

21

22

23

24

25

26

27

28

                                    1
                    _____
                    *DECLARATION IN SUPPORT OF INSPECTION WARRANT*

I, Nicole Gonzales, declare as follows:

1.       I am employed by Riverside County Code Enforcement Department as a Code Enforcement Officer I.  As part of the duties of my employment, I investigate violations of Riverside County Ordinances at properties located within the County jurisdiction.  I review the official code enforcement investigation reports prepared by County code enforcement officers pursuant to their duties at or near the time of an inspection to record the results of their inspections. The following facts are based on my personal knowledge and/or my review of the official Code Enforcement investigation report, and if called as a witness in the matter I could and would competently testify hereto.

2.       The property for which the inspection is sought is located at 42165 Little Lake Road, Hemet, California 92544, commonly known as Assessor's Parcel No. (APN) 552-230-004-9 (PROPERTY).  My review of County records and documents disclosed that Jose Lozano (OWNER) is the owner of record for the PROPERTY.  A true and correct copy of the Riverside County Parcel Report for the Property is attached hereto as **Exhibit A** and incorporated herein by reference.

3.       The purpose of this request for an Inspection Warrant is to inspect the PROPERTY for violations of state and local laws or regulations relating to building, fire, safety, health, or zoning. Specifically, this request is being made to inspect the PROPERTY for violations of Riverside County Ordinance (RCO) No. 457, section 2, which declares all substandard buildings a public nuisance and prohibits constructions without a permit, among other activities. The alleged violations include unpermitted construction.

4.       In late September 2022, the County received a resident report of unpermitted construction on the PROPERTY.  Specifically, the resident reported that the OWNER was building a pool, but then filled it up with cement, and then also constructed a cement block in the back of the PROPERTY, which is a few feet high.

5.       On November 18, 2022, I arrived at the PROPERTY and found it was gated, so I could not access the site.  I attempted to get a good view of the PROPERTY from different angles on the public right-of-way, but was unable to get a clear view to confirm the resident report of unpermitted construction.

*DECLARATION IN SUPPORT OF INSPECTION WARRANT*

6.      On December 20, the County issued and mailed to the OWNER the Notice of Intent to Inspect, citing violations of RCO No. 457, section 2 (construction without a permit). The notice was also posted at the PROPERTY on December 22, 2022. The notice requested permission from the OWNER or occupants to inspect the PROPERTY and structures for violations of RCO No. 457, section 2. The Notices provided a form whereby the OWNER or occupants could either consent or refuse to consent to the inspection, and they also advised that failure to respond within five days would be deemed a tacit denial of consent. True and correct copies of the Notice, Affidavit of Posting, and Proof of Service are attached hereto as **Exhibit B** and incorporated herein by reference.

7.      In response to the notice, the Code Enforcement received a call from the OWNER on December 23, 2022, whereby he stated he did not agree to allow the County to conduct an inspection of his PROPERTY. The OWNER also mailed to the County a letter, dated December 23, 2022, where he denied the County's request to inspect. A true and correct copy of the letter is attached hereto as **Exhibit C** and incorporated herein by reference.

8.      True and correct copies of the photographs taken of the PROPERTY from the public right-of-way on various days are attached hereto as **Exhibit D** and incorporated herein by reference.

9.      Despite a good faith attempt since November 2022 to obtain the OWNER permission for an inspection, and in light of the OWNER's explicit denial of access, Code Enforcement was unable to gain access to the PROPERTY to inspect it. Thus, a court warrant is needed to inspect the PROPERTY for violations of RCO No. 457.

10.     Authorization is requested to immediately execute the inspection warrant, after providing a twenty-four hour notice to the OWNER and occupants pursuant to Code of Civil Procedure section 1822.56.

11.     Authorization is also requested to execute the inspection warrant in the absence of the OWNER and occupants if they are not present at the PROPERTY at the time the inspection is to be conducted. Based on my experience as a code enforcement officer, owners/occupants are often not present on the property at the time of inspections because the inspections are generally conducted during customary working hours (between 8 a.m. to 5 p.m. on weekdays). To

3

*DECLARATION IN SUPPORT OF INSPECTION WARRANT*

1    expeditiously execute the warrant and carry out the purpose of the ordinances to protect public

2    health and safety, the inspection must be authorized in the absence of the OWNER or occupants.

3        12.    Based upon the foregoing and section 1822.50, et seq., of the Code of Civil

4    Procedure, I respectfully request that the Court issue an Inspection Warrant for the above-described

5    premises, to be executed by the staff of the Riverside County Code Enforcement Department and/or

6    its designees authorized to be assisted and accompanied by the Sheriff's Department; that such

7    Inspection Warrant specifically authorize immediate execution after notice to effect the inspection;

8    and that it may be executed with or without the presence of the owners/occupants.

9        13.    This inspection will be made after 8:00 a.m. and before 5:00 p.m. of any day.

10        I declare under penalty of perjury under the laws of the State of California that the foregoing

11    is true and correct, except as to those matters which are based on information and belief, and as to

12    those matters, I believe them to be true and correct.

13        Executed this 23rd day of January, 2023, at San Jacinto, California.

14

15                            Nicole Gonzales

16                            County of Riverside
                             Code Enforcement Officer
17

18

19

20

21

22

23

24

25

26

27

28

                                4

                                    *DECLARATION IN SUPPORT OF INSPECTION WARRANT*

**Exhibit 2:** Denial of Entrance Letter

JOSE LOZANO
42165 LITTLE LAKE RD
HEMET, CA 92544

Case No.: CVZO240555
Re:  42165 LITTLE LAKE RD, HEMET, CA 92544    APN:  552230004

Subject: Concerns Regarding Unsubstantiated Accusations and Potential Violations of Civil Rights

To whom it may concern,

I am writing to address the recent request for inspection by the Riverside County Code Enforcement team. It has come to my attention that there have been accusations made against me regarding alleged illegal activities, specifically involving the keeping of chickens and participation in cockfighting. I must emphasize that these accusations are entirely baseless and unsupported by any evidence or witness testimony.

I want to clarify that the mere presence of chickens on my property does not in any way indicate my involvement in any unlawful activities, particularly those as serious as cockfighting. It is unjust and unfair to make such assumptions without concrete proof to support the claims. As a law-abiding citizen, I take great offense to being falsely accused of criminal behavior.

I would like to highlight that any attempt to obtain a warrant based on these unfounded accusations would be a clear violation of my constitutional rights. I firmly believe in upholding the principles of justice and due process, and I expect to be treated fairly and in accordance with the law. It is essential that any actions taken by the code enforcement agency adhere to the legal standards and respect the rights of the individual.

I urge you to carefully review the information available and consider the lack of substantiation for the allegations against me. I denied inspection. But I am open to cooperating with any legitimate investigation or process, provided that it is conducted fairly and transparently Lawfully without violating me.I trust that the Riverside County Code Enforcement will act with integrity and uphold the principles of justice in this matter. This notice puts the riverside county code enforcement on noticed and liable for any civil rights violation before the violation occurs

Thank you for your attention to this important issue.
Your request for inspection is denied.
Sincerely,

[Your Name]          Jose Lozano
[Your Contact Information]    323-781-8150

6-6-24

JOSE LOZANO
42165 LITTLE LAKE RD
HEMET, CA 92544

CASE  NO: CVCO220665

## Ongoing Issue in Court - Request for Non-Interference

To the Riverside County Code Enforcement Team,

I am writing to formally address an ongoing legal matter that
is currently before the court. A search warrant casa NO.
CVCO220665 has been issued and executed in relation to
this case Over a year. I kindly request that there be no
further interference in this matter until its conclusion By the
court.

Thank you for your attention to this request.

Sincerely,

JOSE LOZANO
 Contact 323 781 8150
        6-17-24

**Exhibit 3** Criminal Search Warrant and Inspection Warrant

STATE OF CALIFORNIA - COUNTY OF RIVERSIDE

# SEARCH WARRANT AND AFFIDAVIT

For Court Use Only

**Deputy Richard Schweitzer**, swears under oath and declares under penalty of perjury that the facts expressed by him/her in this Search Warrant, Affidavit, and the attached and incorporated statement of probable cause are true and that based thereon he/she has probable cause to believe and does believe that the property described below is lawfully seizable pursuant to Penal Code Section 1524, as indicated below, and is now located at the location(s) set forth below. Wherefore, affiant requests that this Search Warrant be issued.

- ☐ ELECTRONIC MONITORING REQUESTED
- ☑ SEALING REQUESTED EVID §1040-1042
- ☐ NIGHT SERVICE REQUESTED
- ☐ DELAYED NOTIFICATION REQUESTED
- ☑ NON-DISCLOSURE REQUESTED
- ☐ HOBBS SEALING REQUESTED
- ☐ 10 DAY RETURN OF SERVICE WAIVER REQUESTED
  10 Day Return of Service Waiver - Number of Days Requested: _____

Date/Time  08/22/2024 09:27 AM          Place (City/County and State)  Hemet, CA _____

Deputy Richard Schweitzer _____                 *R. Schweitzer* _____
(TYPE OR PRINT NAME OF PARTY MAKING DECLARATION)                R. Schweitzer (Aug 22, 2024 09:27 PDT)  (SIGNATURE)

## SEARCH WARRANT

**THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SPECIAL AGENT, POLICEMAN OR PEACE OFFICER IN THE COUNTY OF RIVERSIDE:** Proof by affidavit having been made before me by  **Deputy Richard Schweitzer** that there is probable cause to believe that at the property described herein may be found at the locations set forth herein and that it is lawfully seizable pursuant to Penal Code Section 1524/1534, as indicated by checked items below in that:

- ☐ 1524(a)(1); i.e., it was stolen or embezzled.
- ☐ 1524(a)(2); i.e., it was used as the means of committing a felony.
- ☑ 1524(a)(3); e.g., it is possessed with the intent to use it as means of committing a public offense.
- ☐ 1524(a)(4); i.e., it tends to show that a felony has been committed or that a particular person has committed a felony.
- ☐ 1524(a)(5); i.e., it tends to show a violation of Penal Code section 311.3 or 311.11.
- ☐ 1524(a)(6); i.e., there is a warrant for the person's arrest.
- ☐ 1524(a)(7); e.g., records of evidence, as specified in Penal Code Section 1524.3 , showing that property was stolen or embezzled constituting a misdemeanor, or that property or things are in the possession of any person with the intent to use them as a means of committing a misdemeanor public offense.
- ☐ 1524(a)(12); e.g., the information to be received from the use of a tracking device tends to show a felony has been or is being committed or tends to show that a particular person has committed or is committing a felony or will assist in locating an individual who has committed or is committing a felony.
- ☐ 1524(a)(19); e.g., a recording device installed by the manufacturer of a motor vehicle tends to show a felony or misdemeanor involving a motor vehicle, resulting in death or serious bodily injury.
- ☐ Other/Not Listed

**YOU ARE THEREFORE COMMANDED TO SEARCH: (premises, vehicles, persons, locations)**

    *See ATTACHMENT A for locations and persons*

**FOR THE FOLLOWING PROPERTY/PERSON:**

    *See ATTACHMENT B*

SW2408220927SRW          Superior Court of Califomia, County of Riverside          Page 1 of 7

**AND TO SEIZE IT IF FOUND** and bring it forthwith before me, or the appropriate courthouse within the County of Riverside. This Search Warrant and incorporated Affidavit was sworn to as true and subscribed on **August 22, 2024** at **09:27 AM**. Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.

**IT IS FURTHER ORDERED AS INDICATED BY CHECKED ITEMS IN THAT:**

- ☐ ELECTRONIC MONITORING ORDERED
- ☑ SEALING ORDERED (1040-1042)
- ☐ NIGHT SERVICE ORDERED
- ☐ DELAYED NOTIFICATION ORDERED
- ☑ NON-DISCLOSURE ORDERED
- ☐ HOBBS SEALING ORDERED
- ☐ 10 DAY RETURN OF SERVICE WAIVER ORDERED

Return of Service Waiver - Number of Days Ordered: _____

Aug 22, 2024

_____
Date

_____
Signature of Magistrate Signed Pursuant to 1526(c)(1)

# SEARCH WARRANT AND AFFIDAVIT
## Superior Court of California, County of Riverside

# ATTACHMENT A

**FOR THE FOLLOWING PREMISES/VEHICLES/PERSONS/LOCATIONS:**

THE PREMISES at:

42165 Little Lake Road

Hemet, CA, 92544

APN#522-230-004-9

Further described as the 2.3 acre lot located at 42165 Little Lake Road, in the unincorporated area of Hemet, County of Riverside. There is a large bronze colored gate in the front of the property that has two roosters the top of it. There are several structures on the property. The main residence is a signal family two story home with a dark colored roof and light colored stucco exterior walls. Furthermore, there is a air conditioning unit (approximately 3ft x 3ft) mounted on the front wall of the second floor.

# SEARCH WARRANT AND AFFIDAVIT
## Superior Court of California, County of Riverside

# ATTACHMENT B

**FOR THE FOLLOWING PROPERTY/PERSON TO BE SEIZED:**

Documents:

1. All documents, ledgers, notebooks, diaries, personal planners, or personal books located within the premises. Any search of the contents of located items shall be for evidence of cockfighting/illegal gambling or contextual information necessary to understand the content relative to this investigation.

2. Dominion and Control: Any items tending to establish the identity of persons who have dominion and control of the location, premises, automobiles, or items to be seized. These items may include cellular phones, emails, delivered mail either inside the location or in the mail box(es), general bills, utility/telephone bills, miscellaneous addressed mail, personal letters, personal identification, purchase receipts, rent receipts, sales receipts, tax statements, payroll check stubs, keys and receipts for safe deposit box(es), keys and receipts for rental storage space, keys and receipts for post office box or mail drop rentals, ignition keys, car door and trunk keys, vehicle ownership certificates or "pink slips," and/or vehicle registration slips, or photographs tending to show occupation of the residence(s) and connection between co-conspirators, whether identified or unidentified. These items may also include answering machines, tape recorders, or any other recording devices believed to contain an audio recording of the person(s) residing at or responsible for the residence(s), and any examples of handwriting including letters, address books, business records, canceled checks, notes, and/or lists.

3. Video record, photograph, sketches of properties: Peace Officers or assigned representatives are authorized, during the execution of this search warrant, to video record, photograph and/or make sketches of the location(s) listed within "Attachment A" of this Affidavit and/or of any items of evidence collected as a result of this search warrant.

4. All Electronic Media (Including cellphones, computers, televisions, etc.): All cell phones, tablets, and/or computer evidence, including cellphones found in the possession of the property owner, shall be seized subject to further search warrants per CalECPA.

Computers:

Computer systems found at the location that are capable of recording or storing evidence of the crime being investigated. Computer systems can include desktop personal computer (PCs), laptops, all-in-one computers, tablet-style PCs, servers, and handheld computer systems.

5. Cockfighting contraband: All contraband relating to cockfighting, including cockfighting spurs, gaffs/leg attachments, beak guards, boxing gloves (spur covers), cockfighting sandbags, rooster collars, fighting cock mitts and claw protectors.

6. Additional evidence of cockfighting, including cockfighting rings, cockfighting training aids to include training mitts and gloves, animal blood, roosters, rooster carcasses and injured roosters.

Seizure in place of roosters:

All roosters are to be seized in place. The owners of the property are ORDERED to maintain the roosters currently on the property, and are ordered to maintain the roosters until further direction is given by the Riverside County Superior Courts. Pursuant to 599aa PC, after an arrest is made for 597.5 PC, 597b PC, 597c PC 597j PC or 599a PC, officers may take possession of all birds or animals and all paraphernalia, implements, or other property or things used or employed, or about to be employed, in the violation of any of the provisions of this code relating to the fighting of birds or animals that can be used in animal or bird fighting, in training animals or birds to fight, or to inflict pain or cruelty upon animals or birds with respect to animal or bird fighting.

Injured and deceased roosters are to be seized and medically examined by veterinarians selected by the Riverside County Animal Control Officers assigned to assist in the investigation.

IT IS ORDERED that all items seized during the lawful service of this Search Warrant shall be disposed of in accordance with the policies and procedures of the Riverside Sheriff Department upon adjudication of this case, and without necessity of a Court Order.

1  Mark J. Dillon (State Bar No. 108329)
2  Yana Ridge (State Bar No. 306532)
   Gatzke Dillon & Ballance LLP
3  2762 Gateway Road
   Carlsbad, California 92009
4  Telephone:     (760) 431-9501
   Facsimile:     (760) 431-9512
5  Email:         mdillon@gdandb.com
                  yridge@gdandb.com
6
7  Attorneys for County of Riverside

8

(Exempt from Filing Fees
Pursuant to Govt. Code § 6103)

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF RIVERSIDE

11

12  In the Matter of an Application for an        )  Case No.: CVRI2300299
    Inspection Warrant for the Real Property      )
13  described as 42165 Little Lake Road, Hemet,   )  (CE Case Nos. CVCO220665 and
14  California 92544,                              )  CVZO240555)
                                                  )
15         JOSE LOZANO,                           )  **INSPECTION WARRANT**
                                                  )
16             Property Owner.                    )  [RCO Nos. 348, 457, and 725]
                                                  )
17                                                )
                                                  )
18  _____          )

19

20

21

22

23

24

25

26

27

28

                              1
                                                    *INSPECTION WARRANT*

Electronically RECEIVED by Superior Court of California, County of Riverside on 08/09/2024 01:19 PM - Jason B. Galkin, Executive Officer/Clerk of the Court By Joanne Bishop, Clerk

1  THE PEOPLE OF THE STATE OF CALIFORNIA TO THE RIVERSIDE COUNTY CODE
2  ENFORCEMENT DEPARTMENT, THE RIVERSIDE COUNTY SHERIFF AND ANY
3  DESIGNATED      OFFICERS,     DEPUTIES,     EMPLOYEES,     REPRESENTATIVES,
4  CONTRACTORS, OR DESIGNEES OF THESE AGENCIES:

5      Upon good cause shown to the Court:

6      Proof by declaration having been made this day before me by Sara Kelley, Supervising
7  Code Enforcement Officer, Code Enforcement Department, County of Riverside, that cause exists
8  for an inspection pursuant to Riverside County Ordinance (RCO) Nos. 348, 457, and 725 for the
9  premises commonly known as 42165 Little Lake Road, Hemet, California 92544, Assessor's Parcel
10  No. 552-230-004-9 (PROPERTY).

11      YOU ARE THEREFORE AUTHORIZED to enter upon the PROPERTY and inspect the
12  entire exterior of the PROPERTY for the purpose of determining whether there are violations of
13  RCO including, but not limited to, RCO Nos. 348 and 457. You are also authorized to photograph
14  and/or videotape any and all of the above-mentioned areas.

15      This inspection shall be conducted in a reasonable manner for the purpose of ensuring
16  compliance with all applicable laws. This inspection can be conducted by licensed and certified
17  Code Enforcement officers operating unmanned aircraft systems (UAS), also known as drones,
18  subject to compliance with all relevant and applicable FAA regulations and requirements. The
19  Court finds that immediate execution is reasonably necessary under the circumstances shown and
20  twenty-four (24) hours written notice of the issuance of this Warrant shall be given to Jose Lozano
21  (OWNER) and any other owners and/or occupants of the PROPERTY by posting the same on the
22  PROPERTY prior to the execution of this warrant.

23      At least one Riverside County Sheriff may accompany the County Departments during their
24  inspection for the purpose of keeping the peace and enforcing Code of Civil Procedure section
25  1822.57, which makes it a misdemeanor for any person to willfully refuse to permit an inspection
26  lawfully authorized by this Warrant. Representatives from the Animal Control Department may also
27  assist with the inspection of the PROPERTY.

28

*INSPECTION WARRANT*

1        In addition, the Court finds that inspection in the absence of the OWNER and/or occupants

2  is also reasonably necessary under the circumstances shown to effectuate the purpose of the laws

3  being enforced.  The presence of the OWNER and/or occupants is therefore not required for the

4  reasons set forth in the accompanying declaration. An inspection may be made between the hours of

5  8:00 a.m. and 5:00 p.m. of any day. This Warrant will be effective from the date hereof for a period

6  not to exceed fourteen days.

7        GIVEN UNDER MY HAND this ___12th___ day of _____August_____ , 2024.

8

9

10



                             JUDGE OF THE SUPERIOR COURT
                              Honorable Harold W. Hopp

3

*INSPECTION WARRANT*

**Exhibit** 4 Citations

**Jose Lozano**

**42165 little lake rd Hemet 92544 CA**

**323 7818150**

 **TO Animal control Concern for 4th amendment right**


I am writing to notify you that on August 22nd, 2024, a criminal search
warrant was executed at my residence located at 42165 Little Lake Road,
Hemet, California. It has come to my attention that the warrant issued
was unlawful and defective as it was based solely on hearsay, thereby
violating my Fourth Amendment civil rights.

The warrant indicated  specific instructions to search for certain
evidence and items to seize, none of which were found during the search.
As a result, any citations issued by animal control unrelated to the search
warrant are also in violation of my Fourth Amendment rights. I urge you
to dismiss any such citations promptly.

I recommend that you seek guidance from your legal team regarding the
legality of the citations issued. Furthermore, IF taken to court I intend to
submit a motion to quash and suppress any evidence obtained
unlawfully during the search.

With the illegal search warrant that infringed upon my Fourth
Amendment rights, I assert that you do not have the authority to issue
citations for unrelated matters. The Fourth Amendment protects against
the use of evidence gathered in violation of one's rights in court
proceedings.

I trust that you will take the necessary steps to address this situation
promptly and ensure that my rights are respected and upheld.

Thank you for your attention to this matter.

9-24-24



*Department of Animal Services*

**DEPARTMENT OF ANIMAL SERVICES**
**County of Riverside, California**

## NOTICE OF CITATION ISSUED

Date: <u>August 30, 2024</u>

JOSE LOZANO
42165 LITTLE LAKE RD
HEMET CA 92544

Dear <u>ANIMAL</u> owner(s):

This is a courtesy notice advising you that citation number(s): <u>A084201</u> was/were posted to your property located at <u>42165 LITTLE LAKE RD</u> on <u>08/22/2024</u> by the Department of Animal Services.

Animal owners residing within the cities of Eastvale, Jurupa Valley and the unincorporated portions of Riverside County have 20 calendar days to comply with the correctable violations indicated OR pay the fine and thereby void the citation.

Failure to comply will result in all fines and penalties being forwarded in the name of the property owner found on the County Auditor's most recent assessment roll to the appropriate agency (i.e. Franchise Tax Board, DMV) for collection.

Thank you for your prompt attention to this matter.

Field Services Citations Clerk
Riverside County, Department of Animal Services
Phone: (951) 358-7885
Fax: (951) 358-7975
Email: dascitations@rivco.org

County of Riverside
**DEPARTMENT OF ANIMAL SERVICES – Administrative Offices**
6851 Van Buren Boulevard, Jurupa Valley, California 92509
(951) 358-7387 ☐ FAX (951) 358-7975 ☐ TDD (951) 358-5124

## DEPARTMENT OF ANIMAL SERVICES
## COUNTY OF RIVERSIDE

### ADMINISTRATIVE CITATION NO.   A 084201

| Date of Violation 8/22/24 | Time 1134 | ☐AM ☐PM | Day of Week S M T W ⊕ F S | Case No. A24-336560 |
|---|---|---|---|---|

Name *(First, Middle, Last)*   JUSE   LOZANO

Address   42165   LITTLE LAKE RD

| City HEMET | State CA | ZIP Code 42544 |
|---|---|---|

| Driver Lic. No. D1006532 | State CA | Class | Age 7/8/81 | Birthdate | Phone No. (323) 7818150 |
|---|---|---|---|---|---|

| Sex M | Hair | Eyes | Height | Weight | Race | Other Description |
|---|---|---|---|---|---|---|

Location of Violation(s)   SAME AS ABOVE

**Description of Animal(s)**

| Name | Gender | Age | Color | Breed |
|---|---|---|---|---|
| 1 TORRO | N | 12wk | GRY/WHT | PIT |
| 2 WHISPER | N | 12uk | BRN | CHI |
| 3 | | | | |
| 4 | | | | |

CORRECTABLE VIOLATIONS: Correctable violations such as "Mandatory Dog License" can be dismissed by showing proof of corrections within 20 days of the date of this citation at one of the locations listed on the reverse.

| CORRECTABLE VIOLATION | | Counts | 1st | 2nd | 3rd | Total |
|---|---|---|---|---|---|---|
| 1 | 6.08.020 A MANDATORY DOG LICENSE | 2 | $100 | $200 | $500 | 200 |
| 2 | | | $100 | $200 | $500 | |
| 3 | 6.36.020 B MANDATORY RABIES VACCINATION | 2 | $100 | $200 | $500 | 200 |
| 4 | | | $100 | $200 | $500 | |
| 5 | | | $100 | $200 | $500 | |
| 6 | | | | | | |

| NON-CORRECTABLE VIOLATION | | | 1st | 2nd | 3rd | |
|---|---|---|---|---|---|---|
| 1 | | | $100 | $200 | $500 | |
| 2 | | | $100 | $200 | $500 | |
| 3 | | | | | | |

| Mandatory Administrative Processing Fee | | | | | | $25.00 |
|---|---|---|---|---|---|---|

☐ Violations not committed in my presence, declared on information and belief.   **TOTAL** 425.00

Witness: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Witness | Date |
|---|---|

| Signature J. VADINERA #43 | Date 8/22/24 |
|---|---|

| Received by: JUST | Date 8/22/24 |
|---|---|

PAYMENT INFORMATION: Payment of penalty must be made within twenty (20) days by mail or in person. To pay by mail, send a check or money order payable to: COUNTY OF RIVERSIDE, DEPARTMENT OF ANIMAL SERVICES. DO NOT SEND CASH. Please write the citation number on your check or money order. Penalty and bank charges will be assessed for checks returned, "not honored" by your bank.

### PAYMENT INFORMATION
### COUNTY OF RIVERSIDE DEPARTMENT OF ANIMAL SERVICES
### ATTN: CITATION CLERK

| 6851 VAN BUREN BLVD. JURUPA VALLEY, CA 92509 | 72-050 PET LAND PLACE THOUSAND PALMS, CA 92276 | 245 S. CARLTON BLYTHE, CA 92225 |
|---|---|---|

581 S. GRAND AVE. SAN JACINTO, CA 92582

SEE REVERSE SIDE: for additional information including late fees and appeal process.
Distribution: WHITE-Processing Company; YELLOW-Defendant; PINK-File; GOLDENROD-Officer          DAS-KH-01 (8/17)

# Riverside County Animal Control

### This is the intent for a lawsuit for Civil Rights Violation

: Formal Complaint Regarding Civil Rights Violations by Riverside County Animal Control

To Riverside County Animal Control,

I am writing to address an incident that occurred on August 22nd involving a criminal search warrant executed by the Sheriff's Department Animal Control and Code Enforcement at my property located at 42165 Little Lake Road, Hemet, California 92544.

It has come to my attention that the Dogs citations issued during this search warrant were initially written under the name Jose Lozano and have since been reassigned to my wife, Carmen Quintanilla Romero. This transfer of responsibility is not in accordance with the law and constitutes a violation of our civil rights. As such, I must inform you that this unjust action will result in a lawsuit against the individuals responsible for these civil rights violations.

I kindly request that you provide me with a list of the Animal Control officers involved in this incident, as I intend to include their names in my formal complaint. While my preference is to resolve this matter amicably, if necessary, I will not hesitate to pursue legal action to seek justice for these violations.

Furthermore, I urge you to dismiss the citations issued under my wife's name and to uphold the rights of all citizens in your enforcement actions. The unjust treatment we have experienced will be documented and presented as exhibits in the complaint that is only currently will be submitted under Sheriff department. I will be adding animal control if not resolve outlining the violations of our civil rights. The search warrant had specific instruction to follow. Siding tickets for unrelated infraction we're not part of the search warrant. Therefore you have no right to start sighting infections. See EXHIBIT 1 and 2 of tickets

I trust that you will take the necessary steps to address this matter promptly and prevent such violations from occurring in the future. Failure to do so will result in further legal action and a formal complaint being lodged with a grand jury.

Thank you for your attention to this important matter.

12-12-24
12-12-24                         323 981-8150



# ADMINISTRATIVE CITATION



12/06/2024

Citation Number: **V24-249720**
PID: **P1123172**

**CARMEN QUINTANILLAROMERO**
**42165 LITTLE LAKE RD**
**HEMET, CA  92544**

**Total Due Now: $25.00**

*SI NECESITA ESTA FORMA EN ESPAÑOL, FAVOR DE LLAMAR AL (951) 358-7317*

**CORRECTABLE VIOLATIONS** can be dismissed by showing proof of correction within 20 calendar days of the date of this citation with administrative processing fee and late fees.  If past due license years exists, state law requires the department to credit any amount paid toward delinquent licenses until it becomes current. If proof of correction is received after 20 days, all penalties are due.
**For NON-CORRECTIBLE violations, all penalties and administrative processing fees are due immediately. TO APPEAL THIS CITATION** - A written appeal must be submitted and postmarked within 20 days of this citation and must include the total fees owed as deposit.

If you have any questions or do not believe you owe this debt, please contact us, within 20 days from the issue date of this citation.  You may contact a representative to answer questions and review objections Tuesday through Friday 9:00 AM to 4:00 PM (closed Holidays and Weekends) at 951-358-7365 or email us at **snclinic@rivco.org**.  Failure to pay the amount due outlined in this billing may result in your account accumulating additional penalties and being turned over to collections.  If you have made this payment prior to the date of this letter, please disregard this notice.

| Form Number | Correctable ? | Date Issued | Description of Violation | Location | Amount |
|---|---|---|---|---|---|
| A1791794 V24-249720 | Y | 12/6/24 | **BLACK/TAN F GERM SHEPHERD** [1] 6.08.120 MANDATORY S/N for **A1791794** | 42165 LITTLE LAKE RD | $ 100.00 |
| | | 12/6/24 | MANDATORY CITATION PROCESSING FEE | | $ 25.00 |

Witness:  I declare under penalty of perjury under the laws of the State of California that the foregoing is  true and correct.

Issuing Officer's Signature:  *Sara Strongin, DVM*    Date:   12/6/2024

Administrator's Name:    Dr. Sara Strongin, DVM
Chief of Veterinary Services

*(If paid, return copy (Front & Back) of canceled check, money order, or receipt)*
Please return this portion with your payment

| Notice Date | Notice Reference Number | | Total Fine Amounts |
|---|---|---|---|
| **12/06/2024** | **V24-249720** | If correction is submitted on or before **1/5/2025** | $  **25.00** |
| **12/06/2024** | **V24-249720** | If correction is submitted on or after **1/6/2025** | $  **125.00** |

**CARMEN QUINTANILLAROMERO**
**42165 LITTLE LAKE RD**
**HEMET, CA  92544**

*\* V 2 4 - 2 4 9 7 2 0 \**

MAIL TO:
**Department of Animal Services**
**Attn: Licensing and Admin Citations**
**6851 Van Buren Blvd**
**Jurupa Valley CA 92509**

**DO NOT SEND CASH.  WRITE CITATION # ON PAYMENT**
MAKE CHECK OR MONEY ORDER PAYABLE TO: **COUNTY OF RIVERSIDE**

**SEE REVERSE SIDE: for explanation of violations and instructions.**

V24-249720    25.00    12/6/24

# ADMINISTRATIVE CITATION



ADMINISTRATIVE CITATION - Riverside County Ordinance 630 provides for the issuance of administrative citations for Riverside County Ordinance Violations.  Citations may be issued for each day the violation exist.

TO APPEAL THIS CITATION - Within 20 days of the date of this citation, write a written appeal.  Please include the citation notice number and your reasons for the appeal.  Include a check or money order as a deposit for the total penalty amount as shown on the reverse side of the citation.  **Appeals received without the full deposit cannot be accepted.**  If your appeal is successful, the full penalty amount placed on deposit will be refunded to you.  Mail the above items to:

> County of Riverside
> Department of Animal Services
> Attn: Hearing Clerk
> 6851 Van Buren Blvd.
> Riverside CA 92509

Pursuant to Riverside County Ordinance **630.18, Section 2(a)**, Mandatory Dog License, it shall be unlawful for any person to own, harbor or keep any dog, four (4) months of age or older, within the unincorporated area of the County of Riverside, for a period longer than thirty (30) days,unless a currently valid license tag has been issued by the Director or any agency authorized by the County of Riverside for such purpose and said tag is displayed upon the dog's collar pursuant to Section 30951 (b) of the California Food and Agriculture Code.

Pursuant to Riverside County Ordinance **630.18, Section 2(b)**, Mandatory Dog License and Rabies Vaccination, it shall be unlawful for any person to own, harbor or keep any dog, four (4) months of age or older, within the unincorporated area of the County of Riverside, for a period longer than thirty (30) days,which has not been vaccinated against rabies.

Pursuant to Riverside County Ordinance **630.18, Section 13**, Mandatory microchipping of dogs and cats  All dogs and cats over the age of four months must be implanted with an identifying microchip.

Pursuant to Riverside County Ordinance **630.18, Section 12**, Mandatory Spaying and Neutering. No person may own, keep, or harbor an unaltered or unspayed dog or cat in violation of this Section.  An owner or custodian of an unaltered dog must have the dog spayed or neutered, or provide a certificate of sterility.  An owner or custodian of an unaltered cat must have the cat spayed or neutered, or provide a certificate of sterility.

Pursuant to Riverside County Ordinance **630.18, Section 5**, Mandatory licensing of kennels and catteries, Any person maintaining five or more dogs shall obtain the appropriate kennel license or any person maintaining more than ten (10) cats shall obtain a cattery.

Pursuant to Riverside County Ordinance **630.18, Section 10**, Capture of Dogs Running At Large, it is unlawful for the owner or person incharge of any dog, whether licensed or unlicensed, to permit such dog to run at large.

**Exhibit 5** Sheriff's Department Facebook Post

**Immediate Removal Request of Inappropriate Content from Sheriff Department Facebook Account**

`To the Sheriff Sergeant`

**During a conversation with Sheriff Sergeant on 10-3-24, the topic revolved around certain images that were posted on the Sheriff Department's social media platform. These images pertain to my property and purportedly suggest unlawful activities involving cockfighting. I must stress that I wholeheartedly disapprove of such content and wish for its prompt removal.**

**Keep in mind that the original complaint was for excessive chickens and the Defected criminal search warren. Resulted in no evidence whatsoever of any illegal activities involving the property or the chickens. Therefore, those pictures were taken without my consent and approval. The defected warrant could allow you to take pictures. IF criminal activity were found. Which no criminal activity was found.**

**It has come to my attention that the pictures in question were acquired under the guise of a criminal search warrant, which, upon review, was obtained under questionable circumstances. The lack of justifiable grounds and substantial evidence to back the issuance of the warrant renders the subsequent seizure of my property as unlawful. Any actions taken post the search warrant are therefore deemed invalid and unjust.**

**I firmly assert that no illicit items or substances were discovered during the search, thereby rendering the dissemination of said images baseless and prejudicial. By perpetuating these allegations and circulating defamatory materials about me on a public platform, the Sheriff Department is not only infringing upon my Fourth Amendment rights but also engaging in the malicious defamation of my character.**

**In light of these serious violations, I kindly request the immediate removal of all aforementioned images from the Sheriff Department's Facebook account to prevent any further misinformation and harm to my reputation.**

**I await your prompt response and cooperation in rectifying this sensitive issue. Thank you for your attention to this urgent matter.**

`JOSE LOZANO 10-4-24`
`323 7818150`

7:18 🎴 🕐                          ≋⁴ ⁄ 45% ▪

←     **Riverside Count...** 🔍 🐻

Aug 22 · ⊘

The work goes on, "Cockfighting" or illegal rooster fighting remains a crime and if you participate in this disgusting sport it wont be long before we pay you a visit!

Today, the **Riverside County Sheriff's Rural Crime Team** served a search warrant in Hemet alongside **Riverside County Animal Services** and **County of Riverside Code Enforcement**.

If you have any information about cockfighting in your area, please private message us on this Facebook page or call 951-696-3000 and ask for the Rural Crime Team. You can remain anonymous.

**#RSD #RCT #cockfighting Hemet Sheriff's Station**

Comment as Jose Lozano

|||     ◯     ‹

---

7:18 🎴 🕐                          ≋⁴ ⁄ 45% ▪

←     **Riverside Count...** 🔍 🐻

private message us on this Facebook page or call 951-696-3000 and ask for the Rural Crime Team. You can remain anonymous.

**#RSD #RCT #cockfighting Hemet Sheriff's Station**



👍 Like    💬 Comment    🗨 Send    ↪ Share

🌀 8

Most relevant ⌄

Comment as Jose Lozano

|||     ◯     ‹



